GREGORY J. ARPIN
ANDREW J. MITCHELL
PAINE HAMBLEN LLP
717 West Sprague Avenue, Suite 1200
Spokane, Washington 99201-3505
(509) 455-6000

Attorneys for Defendants
ConAgra Foods, Inc., Shopko Stores, Inc.,
Shopko Stores Operating Co., LLC and
Shopko Properties, LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

LARRY I. NEWKIRK and RUTH A. NEWKIRK,

    Plaintiff,

vs.

CONAGRA FOODS, INC., et al.,

    Defendant.

No. CV-08-273-FVS

PROTECTIVE ORDER

This Protective Order (hereinafter "Order") is entered pursuant to FRCP 26(c). The parties have stipulated and agreed, and the Court recognizes, that the parties and non-party witnesses to this action may possess private, trade secret, and/or proprietary information, which is confidential or of competitive commercial value and may be subject to discovery in this action, but which should not be made available to competitors or to the public generally.

Accordingly, IT IS HEREBY ORDERED as follows:

A.   CONFIDENTIAL Documents Defined.

1.   Documents or information produced or disclosed within any proceeding, formal or informal, including but not limited to, written discovery, depositions, affidavits, document production and expert disclosures, by any of the parties to this action or by any non-party witness, which a party or witness designates as "Confidential." For purposes of this Order, Confidential information includes, but is not limited to, documents that contain trade secrets, proprietary or sensitive information, employee records and personnel files, employee medical records, and any other information subject to privacy rights. If discoverable, employee records, personnel files and medical records may be marked Confidential. By entering this agreement and defining Confidential information the parties are not agreeing or stipulating that any specific documents are discoverable, and reserve all rights and objections. Sales records, material safety data sheets, safety precautions, and safety records are not generally deemed Confidential; however, a producing party reserves the right to evaluate such documents and to designate such documents or portions thereof should they contain Confidential or Attorneys' Eyes Only information within. Confidential information shall be revealed only to: (a) the Court, the Court's staff and any Court-appointed mediators, arbitrators or expert witnesses; (b) the parties and their officers,

employees, and agents who are providing assistance to counsel in this action (including in-house counsel participating in the defense of this action), and any persons joined as parties in the future; (c) the parties' attorneys of record and those attorneys' associates, assistants, employees, and vendors; (d) consultants, technical experts, expert witnesses, potential fact witnesses, and agents involved in the preparation of this action who have signed the "Agreement to be Bound by Protective Order" attached hereto as Exhibit A; (e) insurers or representatives of the parties who have signed the "Agreement to be Bound by Protective Order" attached hereto as Exhibit A; and (f) court reporters, their transcribers, assistants, and employees.

B. ATTORNEYS' EYES ONLY Documents Defined.

2. Documents or information produced or disclosed within any proceeding, formal or informal, including but not limited to, written discovery, depositions, affidavits, document production, and expert disclosures, by any of the parties to this action or by any non-party witness, which are of a highly sensitive or proprietary or trade secret nature, may be designated by the producing party or witness as "ATTORNEYS' EYES ONLY." For purposes of this Order, ATTORNEYS' EYES ONLY information includes, but is not limited to, product formula information, non-public financial information, pricing information, and customer lists. ATTORNEYS' EYES ONLY information shall be revealed only to

(a) outside attorneys of record for a party to this litigation; (b) expert witnesses or expert consultants assisting counsel of record who have signed the "Agreement to be Bound by Protective Order" (attached hereto as Exhibit A); (c) deponents or other fact witnesses, but only if that witness is not an employee of a competitor or co-defendant of the producing party and has signed the "Agreement to be Bound by Protective Order"; (d) the Court and its staff; and (e) court reporters, their transcribers, assistants, and employees. ATTORNEYS' EYES ONLY documents or information shall not be shown to employees of any competitors of the producing party, nor shall such documents or information be disclosed or used in any way that would allow such information to become known to employees of competitors of the producing party.

    C.    Use of CONFIDENTIAL and ATTORNEYS' EYES ONLY Documents.

    3.    The parties, counsel for the parties, and all other persons to whom CONFIDENTIAL or ATTORNEYS' EYES ONLY documents or information is disclosed in accordance with this Order shall use all such documents or information solely for the purposes of case preparation and trial in butter flavoring litigation. Such documents or information shall not be used in any other case unless and until ATTORNEYS' EYES ONLY and CONFIDENTIAL protective orders are in place with the same protections as are afforded in this case. In

addition, if a party wishes to use in another action the documents produced by a third party witness in this action the third party witness must be given notice and no less than thirty (30) days to object to the use of any documents in other butter flavor litigation. Notice that such documents may be used in a specific case is sufficient notification and the party need not give notice of each document and each time that the documents will be used.

4. Before disclosing CONFIDENTIAL or ATTORNEYS' EYES ONLY documents or information in accordance with this Order to any person other than the Court, court reporters, and their respective staff, counsel for the party seeking to disclose such information shall obtain that person's signature to the "Agreement to be Bound by Protective Order", attached hereto as Exhibit A. Such person shall sign and date a copy of the "Agreement to be Bound by Protective Order," evidencing his or her agreement to be bound thereby. Such counsel shall maintain all signed copies of the "Agreement to be Bound by Protective Order" until the conclusion of this case, as defined below, and shall be required to provide a copy of any signed "Agreement to be Bound by Protective Order" to the producing party upon request.

5. Written material submitted to the Court that contains, refers to or reveals CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be subject to this Order, and shall be filed under seal. Upon filing, the Clerk is

directed to maintain such documents under seal and to make such documents available only to the Court, Court personnel, and counsel for the parties to this action. The parties shall file such CONFIDENTIAL or ATTORNEY'S EYES ONLY information in sealed envelopes or other sealed containers which shall state on the caption page, "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" or "ATTORNEY'S EYES ONLY -- HIGHLY CONFIDENTIAL: SUBJECT TO ATTORNEYS' EYES ONLY PROTECTIVE ORDER." A party may file CONFIDENTIAL or ATTORNEYS' EYES ONLY documents under seal in the manner designated herein without the need to bring a separate motion asking the Court to file such documents under seal.

6. Depositions or portions thereof may be designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by informing the court reporter (and videographer, if applicable) at the time of the deposition and/or within no later than fifteen (15) days after the transcript has been provided to counsel. The court reporter (and/or videographer) shall indicate that such designation was made and shall stamp or mark the face of the transcript (and/or videotape) accordingly. All depositions, deposition testimony and deposition exhibits containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be deemed confidential as designated until fifteen (15) days after receipt of the final transcript from the court reporter by the producing party. If a deponent refuses to agree to

---

sign the "Agreement to be Bound by Protective Order" attached hereto as Exhibit A, disclosure of CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information during the deposition shall not constitute a waiver of confidentiality and no copy of the transcript or exhibits containing the CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information shall be given to the deponent.

7. In the event that any entity, person or party bound by this order having possession, custody or control of any CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information receives a subpoena, other process or court order to produce such CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information in any case, proceeding or forum, such entity, person or party shall notify the attorneys of the Producing Party and furnish such attorneys with a copy of said subpoena, other process or order as soon as reasonable practicible within the time period for compliance with such subpoena, process or court order. The Producing Party shall then have the burden of opposing such subpoena, process or order and obtaining relief from compliance within the time period for compliance with the subpoena, process or order if it wishes to prevent disclosure of the CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information. The CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information will be maintained and not disclosed until after any final determination by a court of

competent jurisdiction, including appeals, on any motion to quash or for protective order that is filed.

8. At the conclusion of this case (which shall be upon entry of a final judgment in the last of any proceeding under the case number regardless of whether an appeal is taken by any party), all CONFIDENTIAL or ATTORNEYS' EYES ONLY information produced by any party and designated as subject to this Order, including all copies, extracts and summaries thereof, shall be returned upon request to *the* producing party within one hundred twenty (120) days after such request is made. One copy of the returned documents shall be maintained by the producing party. Attorney work product containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information may be destroyed instead of being returned to the producing party, provided that counsel certifies in writing no later than 30 days after the request of the producing party that such destruction has occurred. Counsel in this matter are authorized to use these documents in other flavor-related litigation and may produce same when a protective order providing the same levels of protection is entered in such case(s). Counsel may retain CONFIDENTIAL and ATTORNEYS' EYES ONLY information until the conclusion of all flavor-related litigation in which they are counsel of record as long as the party having provided that information in the instant litigation is also a party to the other litigation. In such circumstances, a request for return of

CONFIDENTIAL or ATTORNEYS' EYES ONLY information may be made by the producing party at the conclusion of the other case(s), under the terms of this Protective Order and/or any other applicable authority. Retained CONFIDENTIAL and ATTORNEYS' EYES ONLY information may be shared among with other counsel only if said counsel actively represents a party in butter flavoring litigation and said counsel and/or their law firm has signed a protective order providing the protections that are afforded in this case.

D. Other Provisions Applicable to CONFIDENTIAL and ATTORNEYS' EYES ONLY Documents.

9. Any CONFIDENTIAL or ATTORNEYS' EYES ONLY information that is inadvertently produced without the appropriate designation or other identification as to its confidential nature may be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY in writing within forty five (45) days of the date of the original production of such information by the producing party.

10. Should any CONFIDENTIAL or ATTORNEYS' EYES ONLY information be inadvertently disclosed to any person not allowed access under the terms and provisions of this order, then the disclosing party, promptly upon becoming aware of such disclosure, shall (a) identify such person to the Producing Party; (b) inform such person of all the provisions of this order; (c) request that such person sign the "Agreement to be Bound by Protective Order" attached hereto

as Exhibit A; and (d) use its best efforts to retrieve all CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information that the person was not authorized to receive.

11.    The terms of this Order shall apply to documents or information previously produced by any party or non-party in any butter flavoring litigation and designated as subject to the protective orders in those cases.

12.    This Order may be construed or modified by the Court on its own motion or on application of any of the parties to this action.

13.    Any party that challenges the designation of any documents or information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY may apply to the Court for *in camera* review of the documents or information at issue and for an order determining the application of this protective order to such documents or information. Prior to making such application to the Court, the challenging party shall meet and confer in good faith with the producing party in an effort to resolve the dispute. The CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall retain its status as CONFIDENTIAL or ATTORNEYS' EYES ONLY until such time as the Court enters an order otherwise and the time for taking an interlocutory appeal from such order has expired.

14. This order is entered for the purpose of facilitating the exchange of documents and other materials without involving the Court unnecessarily in the process. Nothing in this order, nor the production of any document or other materials under the terms of this order, nor any proceedings pursuant to this order, shall be deemed: (a) to have the effect of an admission or waiver by any party or third party; (b) to alter the confidentiality or non-confidentiality of any such document or other material; or (c) to alter any existing obligation of any party or third party.

15. The terms of this Order shall remain in effect after the conclusion of this case, and this Court hereby retains jurisdiction to interpret and enforce this Order pursuant to and under the Federal Rules of Civil Procedure following the conclusion of this case. The parties, including all experts and other persons subject to discovery in this action or who receive a copy of this Order, hereby consent to the jurisdiction of this Court for the purpose of enforcement of this Order.

16. In producing files and records for inspection, no marking of them as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY need be made by the Producing Party in advance of the inspection. For purposes of the inspection, all documents produced shall initially be deemed to be marked ATTORNEYS' EYES ONLY. Following the inspecting party's selection of specified documents for copying, the Producing Party shall mark any CONFIDENTIAL or ATTORNEYS'

EYES ONLY documents in accordance with paragraphs A1 and A2 of this protective order.

E. PRIVILEGED DOCUMENTS

17. In the event that a document as to which a privilege from production or disclosure is claimed (including but not limited to attorney-client privilege and/or the work product doctrine) is inadvertently disclosed during document inspection and/or copying, such inadvertent disclosure shall not constitute a waiver of any privilege with respect to such document or any other documents, and such document (and all copies made thereof) will be promptly returned to the Producing Party upon demand.

18. Production of documents on which there are notations indicating that they were carbon copied or otherwise transmitted to in-house or outside attorneys or claim representatives does not constitute a waiver of the attorney-client privilege or work product immunity as to: (a) any other documents or communications; or (b) any communications with any attorneys.

DATED this 2nd day of February, 2009.

s/ Fred Van Sickle
United States District Judge

Exhibit A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I have reviewed a copy of the Protective Order entered in the litigation known as *Larry Newkirk and Ruth Newkirk v. ConAgra Foods, Inc., et. al., Case No. CV-08-273-FVS* in the United States District Court, Eastern District of Washington. I understand the limitations this Protective Order imposes on the use and disclosure of documents and/or information designated as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY. I agree to be bound by all of the terms of the Protective Order. I further understand that the unauthorized use or disclosure of documents and/or designated as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY may constitute contempt of Court, and I hereby consent to the personal jurisdiction of the United States District Court, Eastern District of Washington, in connection with the use or disclosure of such information.

DATED this _____ day of _____, _____.

_____

Print Name:_____

I:\Spodocs\36238\00001\PLEAD\00680336.DOC