UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LARRY I. NEWKIRK and RUTH A. NEWKIRK,<br><br>                    Plaintiffs,<br><br>v.<br><br>CONAGRA FOODS, INC., a Delaware corporation, et al,<br><br>                    Defendants. | NO. CV-08-273-RMP<br><br>ORDER MEMORIALIZING COURT'S RULINGS |

Before the Court is Defendants Conagra Foods, Inc. and CHR. Hansen, Inc.'s Motion to Dismiss or in the Alternative to Strike Plaintiffs' Trial Exhibit List and for Sanctions (Ct. Rec. 337), supporting memorandum (Ct. Rec. 441) and declaration (Ct. Rec. 343), Plaintiffs' opposition to the motion (Ct. Rec. 344) and supporting declaration (Ct. Rec. 345), Defendants' reply memorandum (Ct. Rec. 347) and supporting declaration (Ct. Rec. 348), and the remaining file in this case.

An oral argument hearing was held on May 5, 2010. Kenneth McClain, Christopher Miller, Steven Crick, and Richard Eymann appeared for the Plaintiffs. Corey Gordon, Gregory Arpin, and Elizabeth Citurs appeared for Defendant Conagra Foods, Inc. Chrisopther Angius appeared for Defendant Chr. Hansen, Inc. Angela Karras Neboyskey appeared for Defendant Symrise, Inc.

The Court has reviewed the parties' briefing and the file and is fully

ORDER MEMORIALIZING COURT'S RULINGS ~ 1

informed. This Order is entered to memorialize and supplement the oral rulings of the Court.

The purpose of submitting exhibit lists is to identify the exhibits that the parties in good faith anticipate offering at trial with sufficient specificity to give the other party and the Court adequate notice of the evidence that will be presented at trial. The Court expects the lists to reflect meaningful disclosure. If an exhibit is not disclosed on an exhibit list in a manner that allows the opposing party and the Court to identify that exhibit when it is later offered into evidence at trial, the Court either may exclude the exhibit or may take a recess at trial to allow the opposing party time to investigate that document.

The Defendants contend that the Plaintiffs violated the Court's Amended Scheduling Order (Ct. Rec. 214). The Court agrees that portions of the Plaintiffs' exhibit list (Ct. Rec. 308) contradict the spirit and purpose of the exhibit list disclosure requirement by failing to identify with sufficient specificity the exhibits to be offered.[1]

The Court also finds that the Defendants must have adequate time to respond to the Plaintiffs' voluminous disclosure, presently totaling approximately 1586 exhibits comprising approximately 50,000 pages of material.

Accordingly, **IT IS ORDERED**:

1. The Defendants' Motion to Dismiss, or in the Alternative, to Strike

---

[1] For example, Plaintiff's inclusion of "ANY AND ALL DOCUMENTS PRODUCED IN OTHER CASES RELATING TO THIS MATTER" as the description of an exhibit on their Exhibit List (Ct. Rec. 308, 342-4) does not contain sufficient specificity to constitute meaningful notice.

ORDER MEMORIALIZING COURT'S RULINGS ~ 2

Plaintiffs' Trial Exhibit List and for Sanctions (**Ct. Rec. 337**) is **DENIED in part and GRANTED in part.**

    2. The Court denies Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 37, and the Court denies sanctions under Fed. R. Civ. P. 16(f)(2).

    2. If the Plaintiffs choose to file and serve an amended exhibit list, they shall file their amended list on or before May 7, 2010, at 5:00 p.m.

    3. Defendants shall file amended objections, if any, to the Plaintiffs' exhibit list (Ct. Rec. 308) or amended exhibit list on or before June 4, 2010, at 5:00 p.m.

    4. If the Defendants choose to file an amended exhibit list or an amended designation of deposition testimony, they shall file their amended list and serve their amended deposition designations on or before May 14, 2010, at 5:00 p.m.

    5. Plaintiffs shall file and serve their objections, if any, to the Defendants' amended exhibit list on or before May 21, 2010, at 5:00 p.m.

    6. The parties may use the numbering system used in the original exhibit lists (Ct. Rec. 308, 310) for referring to exhibits in their amended exhibit lists.

    7. As the Court stated in the hearing, any communications or expectations by the parties about what this Court will or will not do must be presented as a written motion and noted in accordance with Local Rule 7.1.

    The District Court Executive is hereby directed to file this Order and provide copies to counsel.

    **DATED** this 7th day of May, 2010.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Court Judge

ORDER MEMORIALIZING COURT'S RULINGS ~ 3